WILLIAM H. ROUNDTREE AND WANDA L. ROUNDTREE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roundtree v. Commissioner
Docket No. 12484-77.
United States Tax Court
T.C. Memo 1980-117; 1980 Tax Ct. Memo LEXIS 471; 40 T.C.M. (CCH) 151; T.C.M. (RIA) 80117; April 14, 1980, Filed William H. Roundtree, pro se. Avery Cousins, III, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined the following deficiencies and additions to tax under section 6653(a) [1] in petitioners' Federal income taxes: [1]
Addition to Tax Year
Deficiency
Section 6653(a)
1973
$39,119.62
$1,955.98
1974
14,013.36
700.66
The issues remaining [2] for decision are: *472 1. Whether petitioners are entitled to deduct as a business expense under section 162 certain payments made to their children as compensation in 1973. [3]
2. Whether petitioners are entitled to deduct depreciation on a boat purchased by them in 1973. 3. Whether petitioners understated their adjusted gross income in 1974 in the amount of $11,343.35 as determined by the source and application of funds method of reconstructing income. 4. Whether petitioners are liable for additions to tax under section 6653(a) for 1973 and 1974. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. William H. Roundtree and Wanda L. Roundtree (petitioners) are husband and wife, who resided in Rockledge, Florida at the time they filed *473 their petition in this case. They filed their joint Federal income tax returns for 1973 and 1974 at the Internal Revenue Service Center, Chamblee, Georgia. William H. Roundtree (petitioner) was engaged in the private practice of law during 1973 and 1974. On the Schedule C attached to their 1973 income tax return petitioners claimed $19,064.8. as salary and wage expenses of the law practice. Of that amount, respondent does not challenge $5,207.92, an amount representing payments to non-family members. The balance of the $19,064.89 was paid to members of petitioner's family as follows: Name
Relationship
Amount
Wanda Roundtree
wife
$1,000.00
Dean Roundtree
son
$5,462.28
Steven Roundtree
son
5$787.57
Sharon Combs
daughter
1,607.12
Wanda Roundtree assisted her husband in the secretarial and clerical operations of his practice. Ordinarily, petitioner did not pay his wife a salary for her services. The $1,000 payment does not appear on petitioners' joing income tax return for 1973 as an item of wages includible in their adjusted gross income, nor was a Form W-2 issued to Wanda for that amount. As we previously indicated, we have increased their *474 joint 1973 adjusted gross income by $1,000 to reflect the item of income improperly omitted. This obviates any issue with respect to the characterization of the payment. During 1973, Dean and Steven attended Santa Fe Junior College in Gainesville, Florida. Generally, they would come home on weekends and do odd-jobs for their father. Among the chores that Dean would do for his father were car washing and waxing, xeroxing, cleaning and furniture moving at the law office. Steven would likewise do such chores and in addition would serve process, perform clerical duties, conduct record searches, file documents at the local courthouse and do some investigative work. Petitioner did not keep any records on the hours worked by his sons nor was any rate of payment for the tasks performed by them set by petitioner. Several of the checks claimed as salary payments to the sons were made payable to Santa Fe Junior College as follows: Check No.
Date
Payee
Amount
14128
3/26/73
Santa Fe Junior College
$88
14129
3/26/73
Santa Fe Junior College
88
14130
3/26/73
Santa Fe Junior College
10
14404
6/21/73
Santa Fe Junior College
88
14411
6/24/73
Santa Fe Junior College
88
14496
7/23/73
Santa Fe Junior College
2
14649
9/14/73
Santa Fe Junior College
88
14650
9/14/73
Santa Fe Junior College
88
*475 In addition, some of the checks listed as salary payments to Steven Roundtree were made to the following payees: Check No.
Date
Payee
Amount
14098
3/15/73
Dr. Hess
$109.00
14236
5/2/73
Albert's
18.09
14338
6/5/73
Dr. Hess
360.00
14412
6/24/73
Winn Dixie
32.48
The checks to Dr. Hess apparently were for root canal work done on Steven. Albert's was a men's clothing store. Similarly, some of the checks listed as salary payments to Dean Roundtree were paid to other payees as follows: Check No.
Date
Payee
Amount
14099
3/15/73
C/R Country Club
$42.64
14412
6/24/73
Winn Dixie
32.48
14878
11/15/73
Albert's
43.68
Dean and Steven filed 1973 Federal income tax returns, prepared by their father, on which each reported $2,400 as gross income from wages. Sharon Combs, petitioners' daughter, worked part-time at the law office, performing receiption, clerical and bookkeeping duties. These duties were usually performed during the midday hours when Mrs. Roundtree went to lunch. Petitioners purchased a boat in November, 1973 for $4,431.35. On their 1973 income tax return they listed the boat as a business asset. *476 Assigning a three-year useful life to the boat, petitioners claimed straight line depreciation in the amount of $1,143.78 for 1973. Petitioner did not take clients out on the boat. Petitioner's sons frequently used the boat for recreational water skiing and fishing. The sons were required to obtain their father's permission to use the boat. On their 1974 income tax return the petitioners reported adjusted gross income of $9,688.40 and a tax liability of $1,618.36. The adjusted gross income was computed by petitioners as follows: Schedule C Gross Receipts
$61,252.75
Less Total Schedule C Deductions
(51,564.35)
Net Profit
$ 9,688.40
After examination of petitioners' 1974 income tax return, respondent reconstructed their income using the source and application of funds method. The use of this method was necessitated by the unwillingness of petitioners to cooperate with the revenue agent in providing their books and records. Respondent, in his brief, computed petitioners' understated adjusted gross income for 1974 as follows: Application of Funds
Increases in Bank Accounts
Barnett Bank of Cocoa-Acct. 10-01515
$ 5,781.43
Barnett Bank of Cocoa-Acct. 10-07708
4,537.06
Barnett Bank of Cocoa-Acct. 11-45692
136.63
Schedule C Expenses (less depreciation)
43,125.69
Capital Acquisitions (as per 1974 return)
4,038.38
Loan Repayments (Barnett Bank #60081)
2,000.00
Chshier's Checks Purchased
5,000.00
Other Capital Expenditures (payments on
car and boat)
4,189.76
Personal Expenses (from petitioners'
check spread)
24,616.11
Taxes (from 1973 return)
570.48
Total Application of Funds
$93,995.54
*477 Source of Funds
Decrease in Bank Accounts
Barnett Bank of Cocoa 34-08128
$ 66.70
Riggs National Bank
1,050.00
First Federal Savings
396.94
Interstate Building Association
5,000.00
Arlington-Fairfax Savings &
Loan Association
4,933.05
American Federal Savings &
Loan Association
1,957.25
Schedule C Gross Receipts
61,252.75
Loan Proceeds from Barnett
Bank (note #61195)
2,995.50
Cashier's Checks purchased in 1974
and redeposited in 1974
5,000.00
Total Sources of Funds
$82,652.19
Total Funds Applied
$93,995.54
Total Source of Funds
(82,652.19)
Excess of Funds Applied
$11,343.35
Respondent determined that petitioner was liable for additions to tax under section 6653(a) for 1973 and 1974. OPINION Issue 1--Payments to Children
Petitioners deducted on the Schedule C attached to their 1973 Federal income tax certain payments made to their children as compensation for services rendered to William Roundtree in his law practice. Respondent contends that most of these payments did not constitute compensation for services but were payments made to or on behalf of petitioners' children for their education, medical care and general support. *478 Respondent points to the absence of any records reflecting hours employed or a fixed salary rate as an indication that petitioners were improperly deducting personal expenditures for their children. In addition, he asserts that the failure of petitioner to file employment tax returns and the inconsistent wage figures reported on the sons' individual 1973 income tax returns, which were prepared by petitioner, are further indications that the claimed salary expenses were not for services rendered. We agree in part with the respondent. It is clear that the children assisted their father by performing some work in connection with his law practice and, in that respect, some portion of the payments made directly to the children constitute deductible salary expenses. On the other hand, payments made to dentists, clothing stores and the bursar of Santa Fe Junior College on behalf of the sons, in the absence of adequate records documenting the relationship of such payments to the services rendered, cannot be deducted as compensation. In 1973 the petitioners deducted $5,462.28 and $5,787.57 as amounts paid to Dean and Steven, respectively. However, only $2,400 was reported as income *479 from wages on the Form W-2 issued to each son and on their individual 1973 income tax returns. In view of the lack of documentary evidence, the inconclusive and general testimony of petitioners and their sons, the inconsistencies on the sons' tax returns and the attempted deduction of amounts paid for the sons' medical and educational expenses as salary expenses without corroborating records, we think the petitioners should be limited to a compensation deduction of $2,400 for each son. With respect to their daughter Sharon, petitioners claimed a salary expense of $1,607.12. In view of their testimony as to the duties performed by their daughter in the law office, we sustain petitioners on this issue. Finally, we do not reach the issue as to whether petitioners improperly deducted a $1,000 payment to Wanda Roundtree as compensation. Since they failed to report the $1,000 as income from her wages, we have increased the adjusted gross income reported on petitioners' joint income tax return for 1973. Our examination of Exhibits 44 and 47 convinces us that the petitioners did deduct the check to Mrs. Roundtree as a salary expense. Issue 2--Depreciation on Boat
Petitioners *480 claimed depreciation on a boat purchased by them in 1973. They maintain that the boat was a business asset. Yet they have failed to provide any credible evidence in that regard. The boat was not used by petitioner for entertaining clients but was used by him and his sons for water skiing and fishing. His argument that some of his sons' friends who used the boat eventually became his clients simply does not satisfy the requirement of proximate relationship of the asset to the business. Accordingly, since the boat was not used in petitioner's business, we hold that the claimed depreciation deduction is not allowable. Issue 3--Source and Application of Funds in 1974
Using the source-and-application-of-funds method of reconstructing income, respondent determined that petitioner understated his taxable income for 1974. This method is based on the assumption that the amount by which a taxpayer's application of funds during a taxable period exceeds his reported source of funds for that same period has, absent some explanation by the taxpayer, taxable origins. As explanation, the taxpayer may show that the difference between the total application of funds and the total reported *481 sources of funds is attributable to such nontaxable items as loans, gifts, inheritances, or assets on hand at the beginning of the taxable period. The method has been equated with the cash-expenditures method [4] and sometimes characterized as the sources-and-expenditures method, , the excess-cash-expenditures method, , affd. , or, simply, the expenditure test, . *482 The source-and-application-of-funds method is essentially an outgrowth of the net worth method and differs from it in that it is effective "against the taxpayer who consumes his self-determined tax free dollars during the year and winds up no wealthier than before", while the usual net worth method succeeds only where the taxpayer applies his unreported income toward investments or otherwise visible durable property. , affd. . It is not a method of accounting, , but is available to the Commissioner as a test of a tapayer's books and records and as evidence of unreported income, , especially where no books or records exist, , or where the books and records fail to reflect all of the taxpayer's income. E.g., . Respondent utilized the source-and-application-of-funds method because the petitioners failed to *483 cooperate and failed to substantiate their business expenditures. The application of fund figures with respect to petitioners' business expenditures of a current and capital nature were taken from their 1974 Federal income tax return. The personal expense figure used by respondent was determined by resort to petitioners' check spread which categorized various checks written during 1974. The net increses in certain bank accounts come from an examination of petitioners' checking statements. Petitioners have nor challenged any of these application amounts except with respect to the personal expenditures amount. They assert that such amount is too high since it includes cash withdrawals from checking accounts which were later redeposited. Respondent argues that any direct transfers of funds between accounts result in a wash. We agree with respondent on direct transfers. However, if a check to cash is listed as a miscellaneous personal expenditures but is subsequently redeposited, a double application occurs. Petitioners have the burden of showing the subsequent redeposit of the cash derived from the "checks to cash" so that an adjustment to the source side of the computations can *484 be made. Although such an adjustment was made on certain cashier's checks purchased and redeposited in 1974, petitioners have not shown the subsequent redeposit of any cash received from the "checks to cash" included in the application-personal expenditure figure. Our examination of the monthly statements in evidence does not provide a satisfactory basis for tracing such subsequent readeposits of cash. Accordingly, we will not reduce the personal expenditure figure as computed by respondent on brief for any possible redeposits of cash. [5]
We have noted, however, in our examination of the personal expenditures figure that part of that miscellaneous cash *485 expenses includes a check in the amount of $5,000 written in August, 1974. This check was exchanged for cashier's checks totaling $5,000, the same sachier's checks which appear as an application of funds in 1974 and which appear as an offset as a source of funds on their subsequent redeposit in 1974. Since the $5,000 check from petitioners' account was exchanged for the cashier's checks, we think this entry has resulted in a double application. Therefore, we have reduced the $24,616.11 figure for personal expenditures by $5,000 to $19,616.11 to correct the double application. This, in turn, reduces petitioners' understatement of income for 1974 to $6,343.35. Respondent determined the source of funds in this case by the gross receipts figure on the Schedule C of the 1974 income tax return, the proceeds of an unrepaid loan in 1974, net decreases in various bank balances and the redeposit of the $5,000 in cashier's checks discussed above. Petitioner have not challenged any of these source figures as being too low and they have not shown any other sources of funds of a nontaxable nature. [6] Accordingly, we conclude that the petitioners understated their income by $6,343.35 in *486 1974. Issue 4--Section 6653(a) Additions to Tax
Respondent determined additions to tax under section 6653(a) for 1973 and 1974. The burden is on the petitioners to prove that no part of the underpayment of tax was due to negligence or intentional disregard of respondent's rules and regulations. . Respondent contends that the failure of petitioners to include as income from wages the $1,000 paid to Mrs. Roundtree in 1973, the claiming *487 of depreciation on a purely personal boat in 1973, the attempt by petitioners to deduct as salary expenses the payments made to their sons for educational and medical needs in 1973, the understatement of income in 1974, the failure to provide respondent with books and records when requested and the failure to keep adequate books and records with respect to the expenses of petitioner's law practice justify the imposition of the additions to tax for negligence for 1973 and 1974. We agree with respondent. The claimed depreciation deduction for the boat and the excess salaries paid to Dean and Steven are not merely mistaken interpretations of law or fact. There was no reasonable basis for petitioners to deduct these personal expenditures in 1973. In addition, the petitioner, who is an attorney, clearly should have included in 1973 joint income the $1,000 paid to his wife as wages. Finally, the understatement of petitioners' income in 1974 has not been explained by them to our satisfaction. Therefore, respondent's determination on this issue is sustained. To reflect the concessions of the parties and our conclusions on the disputed issues, Decision will be entered under Rule *488 155.
Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. Petitioners have conceded that their Lincoln Mark IV automobile was used 75 percent of the time for business purposes and 25 percent of the time for personal purposes. Respondent has conceded that petitioners are entitiled to the claimed salary and wage expenses listed on the Schedule C attached to the 1973 and 1974 returns insofar as they relate to salary paid to nonfamily members. Respondent has also conceded that petitioners did not have unreported business income in 1973.↩
3. Respondent challenges the characterization of $1,000 as salary expense paid to Mrs. Roundtree in connection with William Roundtree's law practice. Since Wanda Roundtree failed to include the $1,000 as wages on the joint income tax return for 1973, we have increased petitioners' joint adjusted gross income by $1,000, which in essence moots the issue.↩
4. . Strictly speaking, the source-and-application-of-funds method as used in this case differs from the classical cash-expenditures method since the latter method developed from the net worth method. The first step in the cash-expenditures method is a valuation of the taxpayer's assets at the beginning of the taxable period in order to determine the funds available for expenditure during the ensuing taxable period. The second step is a determination of the amount by which expenditures exceed reported income for the taxable period. . In employing the source-and-application-of-funds method here, respondent did not actually compute petitioner's net worth but assumed that it was the same at both the beginning and the end of 1974. Although the burden was on petitioner to show the inaccuracy of that assumption as embodied in respondent's determination, he has not directed our attention to any "cache of cash," , or other nontaxable source which may have been at his disposal and of which he availed during the taxable year.↩
5. Respondent's position prior to trial was that petitioners had incurred $27,769.22 in personal expenditures. During the trial it was pointed out that respondent had counted a $300 check as a $3,000 check. Accordingly, the personal expenditures were overstated by $2,700. On brief respondent reduced the personal expenditure amount to $24,616.11. This represents a reduction of $3,153.11. Although we are not certain as to the reason for the additional reduction in excess of the $2,700, we accept respondent's new figure.↩
6. Petitioners argue that they received $2,000 in additional loan proceeds during 1974. Respondent points out that since the loan was repaid during 1974 a wash of source and application results. We agree with respondent. Petitioner on brief makes a cryptic reference to a $2,000 savings account not counted as a source of funds. We do not know what savings account petitioner is referring to, but in any event the $2,000 in the account would have to have been spent during 1974 to be reflected as a decrease↩ in a bank account and hence a source of funds. Petitioners have offered no evidence of any passbooks other than the ones already included in the source computation.